IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BENNETT, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-5170 |
| | : | |
| STATE FARM FIRE AND CASUALTY CO., | : | |
| PROGRESSIVE ADVANCED INSURANCE | : | |
| Defendants. | : | |

McHUGH, J.  NOVEMBER 30, 2017

## MEMORANDUM

This case arises from an accident in which a motorist struck Plaintiff Jeffrey Bennett as he was riding his bicycle in Pennsylvania. Plaintiff and his wife have sued Defendant Progressive Advanced Insurance to recover uninsured motorist benefits, and I have previously held that New York law applies. Progressive now moves for Partial Summary Judgment seeking dismissal of Plaintiffs' claims for non-economic injury under section 5104(a) of New York's No-Fault Law, which provides that a plaintiff has a right to recover for non-economic loss resulting only from accidents involving a "serious injury." In citing this statute, Progressive omitted the language restricting the application of section 5104(a) to accidents that occur in New York State. This omission – whether it was intentional or inexcusably careless -  is disturbing, and fatal to Progressive's argument. Its motion is therefore denied.

1

Section 5104(a) of New York's No-Fault Law provides:

> [I]n any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

N.Y. Ins. Law § 5104(a). Progressive argues that Plaintiff has provided no evidence of a "serious injury," and therefore cannot recover for non-economic loss.

In its Motion, Progressive misrepresented New York law, Def.'s Mot. Summ. J. ¶ 16, ECF No. 33, by selectively quoting from section 5104(a), and omitting critical language stating that the provision applies to "any action . . . for personal injuries arising out of negligence in the use or operation of a motor vehicle *in this state* . . . ." N.Y. Ins. Law § 5104(a) (emphasis added). The plain language of section 5104(a) flatly contradicts Progressive's position, because outside of New York State, the statute's restrictions on non-economic recovery do not apply.

New York courts have followed this interpretation of section 5104(a). In *McHenry v. State Insurance Fund*, an intermediate appellate court explained that the statute, "by its express terms, applies only to 'injuries arising out of negligence in the use or operation of a motor vehicle in this state.'" 236 A.D.2d 89, 91, 666 N.Y.S.2d 221, 222 (1997). The court further noted that the statute "has not been given extraterritorial effect even in cases where all of the parties were New York residents and the accident happened in another state." *Id.* Similarly, in *Federal Insurance Company v. Barsky*, another intermediate appellate court explained that, because the statute "abrogates a common-law right, it must be strictly construed, 'and as so construed, the section does not purport to regulate actions for personal injury arising out of the negligent use or operation of a vehicle outside this state.'" 267 A.D.2d 275, 276, 700 N.Y.S.2d 57, 58 (1999). Applying *Barsky* and *McHenry*, the Western District of Pennsylvania has held

2

that section 5104(a) "does not apply to vehicular accidents between covered persons arising outside of New York." *Wensley v. Scott*, 459 F. Supp. 2d 388, 398 (W.D. Pa. 2006).

Having failed to cite the controlling statutory language in its initial briefing, in reply Progressive finally cites a single case lending support to its position, *O'Malley v. Vilsmeier Auctions Company*, 986 F. Supp. 306 (E.D. Pa. 1997). *O'Malley* was a case where a citizen of New York sued a Pennsylvania defendant for an auto accident that occurred in Pennsylvania. In a cursory opinion, the *O'Malley* court held that section 5104 could potentially apply to accidents occurring outside New York, notwithstanding its explicit language to the contrary. It did so ostensibly on the basis of another New York decision from an intermediate appellate court, *Thomas v. Hanmer*, 109 A.D.2d 80, 489 N.Y.S.2d 802 (1985), which held, in the context of choice of law, that a prohibition on recovery of non-economic loss under Canadian law was not applicable in a suit between New York citizens pending in a New York court, even though the accident had occurred in Quebec. But the *Thomas* court determined only that New York law applied, and had no occasion to determine whether section 5104's damage limitation applied to accidents outside New York. In simple terms, the New York decision cited by the *O'Malley* court provides no support for the result it reached. It is also inconsistent with New York's rules of statutory construction, which require that statutes in derogation of common law be strictly construed. *Barsky*, 267 A.D.2d at 276; *Transit Comm'n v. Long Island R. Co.*, 253 N.Y. 345, 171 N.E. 565 (1930). Moreover, the *O'Malley* court proceeded to apply Pennsylvania law as the controlling standard, rendering its discussion of section 5104 mere dicta. I see no basis in either logic or precedent for the result reached in *O'Malley*, and find it inconsistent with the explicit language of the statue and rulings of New York courts. Consequently, I refuse to follow it.

The opinions in *McHenry* and *Barsky*, as well as the plain language of section 5104(a), clearly control in this case. I find that section 5104(a) does not apply to injuries arising out of negligence in the operation of a vehicle outside New York State, and so Progressive's Motion for Summary Judgment will be denied.

/s/ Gerald Austin McHugh  
United States District Judge